IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DENISE J. JOHNSON                                                                          PLAINTIFF

v.                                    Civil No. 2:23-CV-02084-PKH

MARK WITCHER
(Dollar General Manager) and
DOLLAR GENERAL                                                                          DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915.  Under § 1915, the Court is required to screen any complaint in which an individual seeks to proceed *in forma pauperis* ("IFP").  28 U.S.C. § 1915A(e)(2)(B).

### I.      BACKGROUND

Plaintiff filed her Complaint on June 27, 2023.  (ECF No. 1).  After two Orders and subsequent submissions, she was granted IFP status on July 14, 2023.  (ECF Nos. 4, 5, 6, 7, 8). Plaintiff alleges that Defendant Witcher wrongfully terminated her from her employment at Dollar General because she is a Seventh Day Adventist.  (ECF No. 1 at 5).  Specifically, she states:

> "My boss never mentioned, wrote me up for anything that displayed poor job performance.  When I asked him why he said, 'Personal.'  I strongly believe it was due to being a Seventh-Day Adventist." (*Id.*).

Plaintiff indicates the basis for federal court jurisdiction in this case is a federal question.  (*Id*. at 4).  She further indicates she is bringing the case pursuant to "The Religious Liberty Act of 1999."

1

(*Id.*). For her relief request, Plaintiff states: "My good name and reputation as a devout Christian was injured severely, along with my mental anguish, depression, disappointment, devastation, anger, and loss of future income. Therefore, I'm asking for the maximum amount of money for punitive damages." (*Id*. at 6).

## II. LEGAL STANDARD

Under § 1915, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal

2

framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.     ANALYSIS

Plaintiff states she is bringing this claim pursuant to the "Religious Liberty Act of 1999." It appears that this refers to H.R. 1691 – the Religious Liberty Protection Act of 1999.[1]  This passed the House on July 15, 1999, but did not become law.  Instead, it was the legislative predecessor to Senate Bill S. 2869 – the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), which was introduced in the Senate on July 13, 2000.[2]  This ultimately became Public Law 106-274.[3]  It was codified at Title 42, Chapter 21C, §§ 2000cc - 2000cc-5 (Westlaw, current through P.L. 118-7).

Plaintiff has failed to state a plausible claim under the RLUIPA.  The RLUIPA only applies to government actions which substantially burden either land use generally or the exercise of religion by institutionalized individuals.  *See* 42 U.S.C.A §§ 2000cc(a)(1), 2000cc-1(a).  Plaintiff's allegations do not implicate a government actor or land use, nor does she identify herself as an institutionalized person.  As such, she has failed to state a plausible claim under the RLUIPA.

Likewise, Plaintiff has failed to state a plausible § 1983 claim.  "Only a state actor can face § 1983 liability."  *Doe v. N. Homes, Inc.*, 11 F.4th 633, 637 (8th Cir. 2021).  Here, Plaintiff has named a private individual and a private corporation as Defendants.  Private entities can qualify as a state actor only "when the private entity performs a traditional, exclusive public function," and "when the government acts jointly with the private entity."  (*Id*.) (quoting *Halleck v. Manhattan Cmty. Access Corp*., 139 S. Ct. 1921, 1928, (2019) (internal citations omitted)).  Plaintiff has not

---

[1] Available at www.Congress.gov (last accessed July 14, 2023).
[2] *Id*.
[3] *Id*.

alleged that Defendant Witcher or Dollar General served a traditional public or governmental function, or that either Defendant was acting jointly with any government. Thus, Plaintiff has failed to state a plausible § 1983 claim.

Finally, even if the RLUIPA or § 1983 applied to this case (which they plainly do not for the reasons discussed above), Plaintiff has failed to provide sufficient specific facts in her allegations to support a claim under either one. She states only that *she believes* she was fired due to her religion. This vague, speculative, and conclusory allegation is insufficient to support any claim. *See Martin*, 780 F.2d at 1337 (even a pro se Plaintiff must still allege specific facts sufficient to support a claim); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (mere conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based).

## IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of July 2023.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE